## THORINGTON v. ALLEN.

1. Judicial sale: AFTER EXPIRATION OF WRIT. The cases of *Stein* v. *Cham-
bless*, 18 Iowa, 474, as to the validity of a judicial sale made after the
expiration of the writ under which the levy was made, cited, approved
and followed.

*Appeal from Scott District Court.*

TUESDAY, OCTOBER 16.

WRIGHT, J.—Plaintiff (appellant) by this proceeding,
in equity, seeks to restrain defendant from obtaining, by
his law action, the possession of certain real
estate, and to set aside the sheriff's sale and
deed, under which the defendant claims. As
we infer from the bill—for we have no argument on the
part of appellant—the claim is that the sale was void,
inasmuch as there was no execution or precept in the

1. JUDICIAL
SALE: after
expiration
of writ.

officer's hands under which such sale could be made. There was a judgment, foreclosing a mortgage, in due form, and an order for a special execution, as allowed by the statute. This execution or precept was issued January 14, 1861; the land was levied upon February 22, and advertised to be sold March 25, 1861, at 2 o'clock P. M. March 21 this writ was returned "for renewal," a new order of sale was issued of same date, upon which was indorsed a statement of the preceding facts; and upon this order, after the sale, the officer returned that he had sold the property, at the time and place previously fixed for, &c., &c., to, &c.

Upon what ground this sale is claimed to be invalid, we are not advised. It would seem that the case of *Stein* v. *Chambless* (18 Iowa), 474, disposed of every question which could possibly be raised in this. To again discuss the questions made, is quite unnecessary. The injunction was properly dissolved. See further *Butterfield* v. *Walsh*, 20 Iowa.

                                        Affirmed.